Moorad Najarian
vs.    }Eq.No.7088
H. O. Boyajian et als.

May 6, 1926

TANNER, P. J. This is a bill in equity for specific performance of an agreement to sell a farm.

The complainant was in possession of the farm in question as a tenant and claims that the respondents agreed to sell him the farm for $15,000 upon the payment of $3000 cash and a mortgage for $12,000 for five years at six per cent.

It is disputed by the respondents that they ever orally agreed to sell the farm or that there is any sufficient memorandum in writing.

Complainant claims, first, that there was a sufficient memorandum in writing; second, that there was an oral agreement to convey, accompanied by possession and substantial improvements, sufficient to constitute a part performance.

We rely strongly upon the testimony of Sarkis Boyajian who was a disinterested witness and had acted as attorney for the respondents and was a nephew of one of them. He testifies that he prepared a deed for the purchase of this property; that $500 was paid on account of it by the complainant; that he was instructed by Mugrdich Boyajian to prepare the deeds; that he saw the three brothers and they wanted to know if everything was all right; that John and Avedis Boyajian referred to Mugrdich as representing them in the matter; that both parties asked him to draw the papers; that Mugrdich and Avedis Boyajian signed the deed and he was only prevented from getting the signature of John because the wife of Avedis refused to release dower; that neither Avedis nor John had any objection to the proceeding; that the respondents said the farm was sold to the complainant for $15,000 and the terms of sale were that they were to receive $3000 cash and $12,000 on mortgage for five years at six per cent; that he drew the agreement of sale which was not executed around the first of July, 1923, and the parties agreed that it was not necessary to sign the agreement to sell when they were going to sell and were ready to do so. Receipts were given by Mugrdich for the $500 deposit and also for money received as interest.

We think upon the testimony of Sarkis Boyajian that Mugrdich was authorized to sign these receipts for money as interest and the receipt for the deposit money.

Complainant's Exhibit M is an agreement executed between Mugrdich Boyajian, Hovannes Boyajian and Katoon Boyajian, the widow and administratrix of her husband Avedis, dated October 1, 1924. This agreement recites that the complainant is to pay $15,000 for the farm, and Katoon, the administratrix, to receive $5,000—$4,000 in cash; a mortgage on the farm should be taken by Hovannes and Mugrdich, and that in this way the farm matter should be settled and closed with Katoon.

We think this family agreement in connection with the receipts are not sufficient memorandum under the statute of frauds. The two signed deeds may be sufficient as against two of the brothers but not as against the third.

The family agreement, Exhibit M, might be a sufficient memorandum if it corroborated the complainant's statement of the agreement as to terms, but it seems to us rather to corroborate the respondents' claim that $5000 cash was to be paid instead of $3000 as claimed by the complainant.

We are convinced by the testimony of the complainant, and especially of Sarkis Boyajian, that the three brothers agreed to sell this farm on the terms stated by the complainant, and that they would have done so but for the objection of the wife of Avedis. We think that this oral agreement was accompanied by substantial part performance attended by possession and is thus taken out of the statute of frauds.

We think the complainant is entitled to a conveyance of the interest that the three brothers had in the farm with compensation for the dower rights not released.

For Complainant: Knauer & Fowler.

For Respondents: Henshaw & Sweeney.